UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN ISAACSON,

    Plaintiff,

v.

BEN CARSON, et al.,

    Defendants.

Case No. 19-CV-2059-RSL

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(e)(2)(B)

This matter comes before the Court *sua sponte*. On January 7, 2020, the Honorable Mary Alice Theiler, United States Magistrate Judge, granted *pro se* plaintiff Karen Isaacson's application to proceed *in forma pauperis* while recommending review under 28 U.S.C. § 1915(e)(2)(B). See Dkt. #5. Section 1915(e)(2)(b)(i) requires the Court to dismiss an *in forma pauperis* proceeding "at any time if the [C]ourt determines that . . . the action . . . is frivolous[.]" Id. For the reasons described below, the Court DISMISSES plaintiff's complaint as frivolous under § 1915(e)(2)(B)(i).

I.     **BACKGROUND**

This is plaintiff's third action[1] arising from a May 2016 visit to Guild Mortgage seeking advice about obtaining a home equity conversion mortgage (or "reverse mortgage") for her manufactured home. During the visit, a loan officer allegedly told plaintiff that "HUD has a rule that if you move your house you can't get a reverse mortgage." Dkt. #6 at ¶ 17. The

---

[1] See Isaacson v. Sec'y of Hous. & Urban Dev., No. 16-CV-1254-JLR; Isaacson v. Sec'y of Hous. & Urban Dev., No. 17-CV-1449-RSL.

ORDER OF DISMISSAL - 1

Department of Housing and Urban Development ("HUD") "rule" stems from (1) HUD Handbook 4235.1 REV-1 § 3–4 (the "Rule") and (2) 24 C.F.R. § 203.43f (the "Regulation"). The Rule and Regulation prevent HUD from insuring a reverse mortgage for a manufactured home that has been moved from the location where it was originally installed.

This Court dismissed plaintiff's prior two complaints for lack of subject matter jurisdiction after determining that she lacked Article III standing to sue.[2] Plaintiff's instant complaint alleges (1) Fifth Amendment due process violations, (2) Fifth Amendment equal protection violations, (3) intentional interference with a prospective business expectancy, (4) willful misconduct, (5) intentional infliction of extreme emotional distress, (6) violation of the National Housing Act, (7) violation of the Administrative Procedure Act, and (8) unconstitutional pattern or practice. See Dkt. #6 at ¶¶ 95-174. Once again, each of plaintiff's claims arises from her allegation that she was denied a reverse mortgage due to HUD's allegedly unlawful Rule and Regulation. Plaintiff again fails to demonstrate Article III standing to sue.

## II. ANALYSIS

To establish Article III standing, plaintiff must show that (1) she suffered an injury in fact, (2) there is a causal connection between the injury and the defendants' conduct, and (3) the injury will likely be redressed by a favorable decision from the Court. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992).

Plaintiff again fails to show "an invasion of a legally protected interest which is . . . concrete and particularized and . . . actual or imminent, not conjectural or hypothetical." Id. at 560 (internal quotation marks and citations omitted). Plaintiff's pleadings raise numerous allegations about HUD's interference with her economic expectancy, and contend that she has suffered financial, physical, and emotional distress as a result of HUD's Rule. See, e.g., Dkt. #6 at ¶¶ 130-35, 142-49. However, as with her prior two complaints,[3] plaintiff has not alleged that she ever applied for HUD insurance or a reverse mortgage, or that she exercised her freedom to contract with the lender. See Dkt. #6. Plaintiff has not demonstrated a legally cognizable injury

---

[2] See Isaacson, No. 16-CV-1254-JLR (Dkt. #26); Isaacson, No. 17-CV-1449-RSL (Dkt. #23).

[3] See Isaacson, No. 16-CV-1254-JLR (Dkt. #1-1); Isaacson, No. 17-CV-1449-RSL (Dkt. #1-1).

ORDER OF DISMISSAL - 2

as required to establish standing under Article III.  Lujan, 504 U.S. at 560.  Furthermore, plaintiff again fails to identify that any alleged injury is fairly traceable to defendants' conduct rather than to "the independent action of some third party not before the [C]ourt."  Id. at 560 (quoting Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 41-42 (1976)).  Even if plaintiff could demonstrate an injury-in-fact, it would not be traceable to HUD, but rather to the specific mortgagee that failed to grant her a reverse mortgage.  Finally, plaintiff again fails to show that a favorable ruling by this Court would likely redress the hypothetical injury in fact stemming from her inability to obtain a reverse mortgage.  See Lujan, 504 U.S. at 561.

This is the third time that plaintiff's pleadings fail to establish Article III standing to sue.  Plaintiff is on notice that she lacks standing, yet she continues to file complaints without rectifying the identified jurisdictional defect.  Accordingly, the Court concludes plaintiff's complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  See, e.g., Neitzke v. Williams, 490 U.S. 319, 325 (1989).

### III. CONCLUSION

For all the foregoing reasons, plaintiff's complaint is DISMISSED without prejudice and without leave to amend.[4]  See 28 U.S.C. § 1915(e)(2)(B)(i).  Plaintiff's "Request for Service of Summons and Complaint" (Dkt. #7) is DENIED as moot.  The Court advises plaintiff that future actions involving these factual and legal allegations, which again fail to establish Article III standing, may be dismissed with prejudice.

The Clerk of Court is directed to (1) send a copy of this Order to plaintiff, (2) terminate all motions, and (3) close this case.

//
//
//

---

[4] Plaintiff has now been given two opportunities to revise her previously dismissed complaints.  There is no indication that an additional amendment would cure the identified deficiency.  See Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

ORDER OF DISMISSAL - 3

1       DATED this 3rd day of March, 2020.

*(signature)*
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 4